James J. Gold #80100
Norma L. Hammes #80149
Jessica A. Begeman #264853
GOLD and HAMMES, Attorneys
1570 The Alameda #223
San Jose, CA 95126
408-297-8750 phone
408-297-1189 fax

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                             Chapter 13
                                                   Case No. 18-52265 SLJ
KATHRYN ELAINE LYNN

    Debtor                                      /

## MOTION FOR ORDER ALLOWING SALE OF REAL PROPERTY

The Debtor, Kathryn Elaine Lynn, hereby moves for an order allowing the sale of real property as follows and for the following reasons:

1. The Debtor herein filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on October 9, 2018. The plan has not yet been confirmed, and it provides for a 100% dividend to general unsecured creditors.

2. The Debtor has contracted to sell her 100% interest in real property located at 507 Dix Way, San Jose, California, to Tobin Christopher Douglas and Lisa Marie Douglas, subject to approval of this Court. This property is the Debtor's residence.

3. The essential facts of this transaction are:

| | |
|---|---|
| Seller's Real Estate Agent: | Arthur Leal |
| Seller's Real Estate Agency: | KW Silicon City |
| | 2520 Mission College Blvd., #102 |
| | Santa Clara, California 95054 |
| | 408-921-7352 |
| | |
| Buyer's Real Estate Agent: | Andy Sweat |
| Buyer's Real Estate Agency: | Keller Williams Bay Area Estates |
| | 16185 Los Gatos Blvd. |
| | Los Gatos, CA, 95032 |
| | 408-802-3540 |

1

| | | |
|---|---|---|
| Escrow Company: | Old Republic Title Co. | |
| | 1087 Meridian Ave., #68 | |
| | San Jose, CA 95125 | |
| Escrow No: | 0622021194-TE | |
| Escrow Officer: | Teresa Espinosa | |
| Telephone: | 408-266-5414 | |
| Approximate sales price: | $ 580,000 | |
| Distributions: | | |
|   BSI Financial Services (U.S. Bank): | $ 46,258 | |
|   PLM Lender Services (Ilene Sokoloff): | $ 2,300 | |
|   ASAP Collections (Canoas Gardens HOA): | $ 22,361 | |
|   Debtor's Real Estate Agent: | $ 14,500 | |
|   Buyer's Real Estate Agent: | $ 14,500 | |
|   Costs of Sale: | $ 5,802 | |
|   Real Property Taxes: | $ 219 net | |
|   Debtor's attorney: | $ 850 | |
|   Chapter 13 plan: | $ 29,918 | (includes pre-petition arrears for BSI, PLM, and ASAP, above) |
| Net proceeds to the Debtor: | $ 466,243 | |

Is the Chapter 13 plan being paid off from the proceeds?   Yes

4.     The Debtor has claimed a $75,000 exemption for this property. The plan currently provides a one-hundred percent dividend to general unsecured creditors. There are two small mortgages and homeowners' dues on this property which are being paid off in full through the transaction. As this transaction will pay off the Debtor's plan and provide a 100% dividend to all creditors, the specific details of the categorization of the proceeds of sale are not critical, but can be seen in the net sheet attached hereto.

5.     This transaction is an arms-length transaction with no prior relationship between the Debtor and the buyer.

6.     Attached is a current net sheet for the transaction detailing the expected distributions of funds in the transaction. The figures represented are approximations and can be expected to be refined up until the sale is consummated. The net sheet does not show $850 which the Debtor's attorneys will apply for as fees for this motion, as permitted by the Rights and Responsibilities form filed in this case as Court Document No. 3. The net distribution to the Debtor shown above also reflects the amount of the Chapter 13 Trustee's demand into escrow to

2

pay off the Debtor's 100% plan and to pay the Chapter 13 Trustee's statutory fees. This net sheet is still at a preliminary stage and it may be that the final numbers will vary substantially from what it currently states, however as the Debtor's plan provides for full payment to all general unsecured creditors, the absolute accuracy of the net sheet numbers is not important.

7. The escrow is scheduled to close on January 20, 2019, pursuant to the contract of sale entered into by the Debtor and the Buyer, although the net sheet states January 25.

WHEREFORE, the Debtor requests that the court order that:

1. The Debtor be allowed to sell her interest in the real property described above.

2. The demands of all lienholders will be fully satisfied by funds from the escrow, either directly or partially through the demand of the Chapter 13 Trustee, and if the escrow does not close, the liens of the lienholders will remain on the property unaffected by the escrow.

3. [At the request of the Chapter 13 Trustee] Any net proceeds from the sale which would be paid to the Debtor if the Debtor were not in a Chapter 13 proceeding be disbursed first in accordance with the demand of the Debtor's Chapter 13 Trustee, and any remainder shall be disbursed directly to the Debtor.

4. [At the request of the Chapter 13 Trustee] As a condition of this transaction the escrow company shall comply with and satisfy the escrow demand of Devin Derham-Burk, Chapter 13 Trustee. If the Chapter 13 Trustee does not intend to submit a demand, she shall notify the escrow agent in writing. Per her demand, the Trustee shall be the disbursing agent on proofs of claim relating to this case, filed with the clerk's office of the bankruptcy court. The Trustee shall take her statutory fees on receipts in connection with this transaction whether or not this transaction closes prior to confirmation of the Plan.

5. [At the request of the Chapter 13 Trustee] Within fifteen days of the closing of the sale, the escrow company shall provide the Chapter 13 Trustee with a copy of the closing statement for the escrow.

6. Any delay of effectiveness of the order requested herein due to F.R.B.P. 6004 or any other similar rule be waived so that the order will be effective immediately.

3

Respectfully submitted,

Dated: December 19, 2018

                                           James J. Gold
                                           GOLD and HAMMES
                                           Attorneys for the Debtor

## DECLARATION OF DEBTOR

I am the Debtor in this Chapter 13 case, and I declare:

I have reviewed the statements made by my attorney in the MOTION FOR ORDER ALLOWING SALE OF REAL PROPERTY, and all of them are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2018

                                            KATHRYN ELAINE LYNN

# OLD REPUBLIC TITLE COMPANY

A MEMBER OF THE OLD REPUBLIC TITLE INSURANCE GROUP

1087 Meridian Avenue, Suite 68 • San Jose CA • 95125 • (408) 266-5414 • FAX (408) 786-0158

Kathryn E. Lynn

Date: December 18, 2018
Escrow No.: 0622021194-TE
Escrow Officer: Teresa Espinosa
Settlement Date: January 25, 2019

Property: 507 Dix Way, San Jose, CA 95125

## Estimated Seller's Settlement Statement

| Item | | Debits | Credits |
|---|---|---|---|
| Sales Price | | | 580,000.00 |
| Loan payoff to BSI Finacial Services ($46,258.00) | | | |
|   Current Principal | | 46,258.00 | |
| Loan payoff to PLM Beth@plmweb.com ($2,300.00) | | | |
|   Current Principal | | 2,300.00 | |
| Broker's Commission 5.0% | | 29,000.00 | |
|   To KW Bay Area Estates | 14,500.00 | | |
|   To Keller Williams | 14,500.00 | | |
| Unsecured Lien to ASAP Collections for HOA ($22,361.00) | | | |
|   Current Principal | | 22,361.00 | |
| Paid Outside Closing | | | |
|   Real Estate Taxes to Santa Clara County Department of Tax and Collections (456-15-037) | | | |
|     1st Half 2018-19 to Santa Clara County Department of Tax and Collections $1,644.15 (Seller) | | | |
| Survey to Need Invoice-Est | | 150.00 | |
| Home Warranty to First American Home Buyer's Protection ( need Invoice) | | 425.00 | |
| Misc. Disbursement to Security Deposit HoldBack | | 10,000.00 | |
| Real Estate Taxes to Santa Clara County Department of Tax and Collections (456-15-037) | | 1,644.15 | |
|   2nd Half 2018-19 | 1,644.15 | | |
| Prorata R.E. Taxes, 01/25/19 to 07/01/19, 156 days @ $9.1342 (est.) | | | 1,424.94 |
| Homeowners Association Fees | | | |
|   Transfer Fee to Canoas Gardens | | 300.00 | |
| Homeowners Association Fees | | | |
|   Dues to Canoas Park Homeowners Association | | 260.00 | |
| Escrow Fees to Old Republic Title Company | | 1,215.00 | |
| Notary Fees to | | 150.00 | |
| Title Charges | | | |
|   Homeowners Policy of Title Insurance to Old Republic Title Company | | 1,692.00 | |
| Recording Fees | | 275.00 | |
|   Release to Santa Clara County | 275.00 | | |
| County Transfer Tax to County of Santa Clara | | 638.00 | |
| City Transfer Tax to City of San Jose | | 957.00 | |
| Due To Seller (est.) | | 463,799.79 | |
| | | | |
| Total | | 581,424.94 | 581,424.94 |

TE/te
Seller's Settlement Statement

December 18, 2018 11:23 AM

Case: 18-52265    Doc# 26    Filed: 12/19/18    Entered: 12/19/18 15:13:57    Page 5 of 7

James J. Gold  #80100
Norma L. Hammes #80149
Jessica A. Begeman #264853
GOLD and HAMMES, Attorneys
1570 The Alameda #223
San Jose, CA 95126
408-297-8750 phone
408-297-1189 fax

Attorneys for Debtor

*Proposed form of Order*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                      Chapter 13
                                            Case No. 18-52265 SLJ

KATHRYN ELAINE LYNN

____Debtor_____/

### ORDER ALLOWING SALE OF REAL PROPERTY

On December __, 2018, the Debtor, Kathryn Elaine Lynn, filed a **MOTION FOR ORDER ALLOWING SALE OF REAL PROPERTY**, Court Document No. ___, requesting approval of this Court for a transaction where the Debtor proposed to sell her real property commonly known as 507 Dix Way, San Jose, California, and more particularly described as

> **The land referred to is situated in the County of Santa Clara, City of San Jose, State of California, and is described as follows:**
>
> **LOT 37, as delineated upon that certain Map entitled "TRACT NO. 7221 CANOAS GARDEN TOWNHOUSES", filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on September 7th, 1982 in Book 504 of Maps, at Pages 11, 12 AND 13.**
>
> **EXCEPTING THEREFROM the underground water or rights thereto with no rights of surface entry, as granted to San Jose Water Works, a California corporation, by instrument, recorded October 18th, 1982 in Book H087 of Official Records, Page 203.**

Following a hearing on this matter on January 17, 2019, at 10:00 a.m., at which James J. Gold appeared representing the Debtor, and with other appearances as noted on the record,

1

IT IS HEREBY ORDERED that the Debtor's motion to allow the Debtor to sell the Property is approved.

IT IS FURTHER ORDERED that the demands of all lienholders will be fully satisfied by funds from the escrow, either directly or partially through the demand of the Chapter 13 Trustee, and if the escrow does not close, the liens of the lienholders will remain on the property unaffected by the escrow.

IT IS FURTHER ORDERED that any net proceeds from the sale which would be paid to the Debtor if the Debtor were not in a Chapter 13 proceeding be disbursed first in accordance with the demand of the Debtor's Chapter 13 Trustee, and any remainder shall be disbursed directly to the Debtor.

IT IS FURTHER ORDERED that as a condition of this transaction the escrow company shall comply with and satisfy the escrow demand of Devin Derham-Burk Chapter 13 Trustee. If the Chapter 13 Trustee does not intend to submit a demand, she shall notify the escrow agent in writing. Per her demand, the Trustee shall be the disbursing agent on Proofs of Claim relating to this case, filed with the clerk's office of the Bankruptcy Court. The Trustee shall take her statutory fees on receipts in connection with this transaction whether or not this transaction closes prior to confirmation of the Plan.

IT IS FURTHER ORDERED that within fifteen days of the closing of the sale, the escrow company shall provide the Chapter 13 Trustee with a copy of the closing statement for the escrow.

IT IS FURTHER ORDERED that any delays of effectiveness of this order due to F.R.B.P. 6004 or any other similar rule are waived, and that this order is effective immediately.

\*\*\* End of Order \*\*\*